# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 14-2202, Pele v. Penn. Higher Education Assistance Agency |
| **Originating No. & Caption** | 1:13cv1531 Pele v. Penn. Higher Education Assitance Agency |
| **Originating Court/Agency** | USDC, Eastern District of Virginia, Alexandria Division |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C.A 1291 | |
| Time allowed for filing in Court of Appeals | November 6, 2014 | |
| Date of entry of order or judgment appealed | October 7, 2014 | |
| Date notice of appeal or petition for review filed | October 30, 2014 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⊙ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⊙ No |

01/30/2013
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ⊙ Yes | ○ No |
| Has transcript been filed in district court? | ⊙ Yes | ○ No |
| Is transcript order attached? | ⊙ Yes | ○ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | Same issues in Oberg v. PHEAA: 12-2513 | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⊙ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⊙ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ⊙ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⊙ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Plaintiff Lee Pele was the victim of identity theft, who disputed inaccurate student loan accounts that were appearing on his credit report as reported to the consumer reporting agencies by Defendant Pennsylvania Higher Education Assistance Agency (PHEAA). After receiving notices of dispute from the consumer reporting agencies, PHEAA both negligently and willfully failed to conduct a reasonable investigation as required by the Fair Credit Reporting Act, 15 U.S.C. 1681s-2(b). PHEAA argued that it was immune from suit as a matter of law because it is a state agency. The district court denied PHEAA's motion to dimiss in reliance in part on this court's decision in Oberg v. PHEAA 745 F.3d 131 (4th Cir. 2014)., and the parties took discovery. At the conclusion of discovery, the district court granted the Defendant's motion for summary judgment and denied the Plaintiff's motion for summary judgment on the issue of soverign immunity holding that PHEAA was a state agency. Plaintiff appealed the decision of the district court to this court because the decision is in error based upon the facts and the applicable law. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the Pennsylvania Higher Education Assitance Agency is a state agency as a matter of law and therefore entitled to sovereign immunity?<br><br>Whether the district court properly applied the factors for the determination of sovereign immunity as ennuciated by this Court in the matter of Oberg v. Pennsylvania Higher Education Assitance Agency, 745 F.3d 131 (4th Cir. 2014). |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Pennsylvania Higher Education Assistance Agency<br><br>Attorney: Joesph Paul Esposito<br>Address: Hunton & Williams, LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, DC 20037<br><br>E-mail: jesposito@hunton.com<br><br>Phone: 202-955-1500 | Adverse Party: Pennsylvania Higher Education Assistance Agency<br><br>Attorney: Jill Marie deGraffenreid<br>Address: Hunton& Williams, LLP<br>1751 Pinnacle Drive, Suite 1700<br>McLean, Virginia 22102<br><br>E-mail: jdegraffenreid.com<br><br>Phone: 703-714-7400 |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| Appellant (Attach additional page if necessary.) | |
|---|---|
| Name: Lee Pele<br><br>Attorney: Alexander Hugo Blankingship, III<br>Address: Blankingship & Christiano, P.C.<br>11790 Sunrise Valley Dr., Suite 103<br>Reston, Virginia 20191<br><br>E-mail: hugo@blankingship.com<br><br>Phone: 571-313-0412 | Name: Lee Pele<br><br>Attorney: Thomas B. Christiano<br>Address: Blankingship & Christiano, P.C.<br>11790 Sunrise Valley Dr., Suite 103<br>Reston, Virginia 20191<br><br>E-mail: tom @blankingship.com<br><br>Phone: 571-313-0412 |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

Signature: /s/ _____     Date: 11/12/14

Counsel for: Lee Pele

**Certificate of Service:** I certify that on 11/12/14 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Joesph Paul Esposito<br>Hunton & Williams, LLP<br>2200 Pennsylvania Ave., NW<br>Washington, D.C. 20037 | Jill Marie deGraffenreid<br>Hunton & Williams, LLP<br>1751 Pinnacle Drive, Suite 1700<br>McLean, Virginia 22102 |

Signature: /s/ _____     Date: 11/12/14

# FOURTH CIRCUIT TRANSCRIPT ORDER FORM

Case Style  Lee Pele v. Pennsylvania Higher Education Assistance Agency
Dist. Ct. No.  1:13cv1531            District  Eastern District of Virginia
Date Notice of Appeal filed      10/31/14        Court of Appeals No. 14-2202
Name of Court Reporter/Electronic Rec. (use separate form for each reporter) Julie Goodwin
Address of Reporter 401 Courthouse Square, Alexandria, Virginia 22314

Appellant must order any necessary transcript, completing a separate transcript order form (and separate CJA 24 Form) for each reporter and submitting the order to the court reporter and the district court within 14 days of noting the appeal. The completed form must show that necessary financial arrangements have been made or that the original CJA 24 Form has been submitted to the district court clerk. Copies of the transcript order form must be attached to the docketing statement filed in the Court of Appeals and served on opposing counsel within 14 days of docketing of the appeal, or the appeal will be subject to dismissal pursuant to Local Rule 45. If appellee finds other parts of the proceedings necessary, appellee must designate the additional parts within 14 days after service of the transcript order. If appellant has not ordered the additional parts within 14 days, appellee may, within the following 14 days, order the additional parts or move in the district court for an order requiring appellant to do so. In sentencing appeals, a transcript of the sentencing hearing must be ordered. In Anders appeals, plea (or trial) and sentencing transcript must be ordered. If appellee wishes to obtain a copy of transcript ordered by appellant, appellee must order a copy from the court reporter. In multi-defendant cases involving CJA defendants, only one original trial transcript should be purchased from the court reporter on behalf of CJA defendants, and copies should thereafter be made at commercially competitive rates not to exceed $.15 per page. Counsel must review transcript and notify the district court of any intention to direct redaction of personal data identifiers within 7 days of filing of the transcript, and thereafter submit a statement of redactions to the court reporter within 21 days of filing of the transcript, as required by the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files. Counsel should verify that the witness name and type of examination appear in the top margin of each page of testimony, as required for inclusion in the appendix on appeal. Local Rule 30(b).

A. This constitutes an order of the transcript of the following proceedings. Check appropriate box(es), provide date of hearing, and indicate total number of estimated pages. Failure to specify in adequate detail the proceedings to be transcribed is grounds for dismissal. Specific authorization is required under the CJA for opening and closing statements, voir dire, or jury instructions.

| PROCEEDING | HEARING DATE(S) |
|---|---|
| ☐ Voir Dire | |
| ☐ Opening Statement (Plaintiff) | |
| ☐ Opening Statement (Defendant) | |
| ☐ Closing Argument (Plaintiff) | |
| ☐ Closing Argument (Defendant) | |
| ☐ Opinion of Court | |
| ☐ Jury Instructions | |
| ☐ Sentencing | |
| ☐ Bail Hearing | |
| ☑ Pre-Trial Proceedings (specify) Summary Judgment Argument | September 25, 2014 |
| ☐ Testimony (specify) | |
| ☐ Other (specify) | |

TOTAL ESTIMATED PAGES  35

B. I certify that I have contacted the court reporter (or court reporter coordinator if electronic recording) and satisfactory financial arrangements for payment of the transcript have been made.
   ☐ Private funds. (Deposit of $_____ enclosed with court reporter's copy. Check No. _____.)
   ☐ Criminal Justice Act. The original CJA 24 Form has been submitted to the district court clerk and a copy is attached.
   ☐ Government expense (civil case--IFP). Motion for transcript at government expense is pending with district judge.
   ☑ Advance payment waived by court reporter. Payment in full is due upon receipt of transcript.
   ☐ Federal Public Defender - no CJA 24 Form necessary.
   ☐ United States appeal - copy of litigation expense form attached, if applicable.

C. Transcript is requested in  ☑ paper format    ☐ electronic format

Signature _____  Typed name  A. Hugo Blankingship, III
Address  11790 Sunrise Valley Drive, Suite 103, Reston, Virginia 20191
Email  hugo@blankingship.com          Telephone No.  (571) 313-0412
Date Sent to Reporter 11/10/14

05/09/2014 CAD